FORT PITT SPRING & MANUFACTURING CO., PETITIONER, *v.* COMMIS-
SIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10906.   Promulgated January 19, 1927.

On May 15, 1921, an extension of time having been theretofore
obtained, the petitioner filed its return for the year 1920, showing
a net income of $165,508.12 and the tax due thereon to be
$64,114.37. To the return was attached an application for special
assessment. On December 15, 1921, it filed a claim in abatement
pending the decision on its claim for special assessment. The
Commissioner allowed the claim for special assessment and as a
consequence, after the recomputation of the tax, allowed the claim
in abatement in part. The petitioner appealed as to the part dis-
allowed. The Commissioner moved to dismiss the proceeding on
the ground that he had not determined a deficiency inasmuch as
the total tax which he found to be due was less than the amount
shown on the return to be due. Motion granted.

*George Maurice Morris, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

This petition was heard on the Commissioner's motion to dismiss
on the ground that no deficiency has been determined for 1920, the
year here involved.

### FINDINGS OF FACT.

On March 15, 1921, the petitioner filed a tentative return for 1920
showing an estimated tax of $65,000, and paid $17,000 as the first
installment. On the same date an extension was granted to May 15,
1921, for filing the return. Later a further extension was granted to
June 15. The return was filed June 14, 1921, showing a tax of
$64,114.37 on a net income of $165,508.12. Accompanying the return
was an application for assessment of profits taxes under section 328
of the Revenue Act of 1918.

On December 15, 1921, a claim was filed by the petitioner for the
abatement of $13,267.65 of the amount of tax shown on its return
for 1920 " until such time as the decision of the Commissioner of
Internal Revenue upon its application aforementioned, shall enable
the amount of said tax to be accurately determined." Assessment
of the tax under section 328 was allowed by the Commissioner, and
under date of November 21, 1925, a letter was directed by the
Commissioner to the petitioner reading in part as follows:

IT : E : SM
COB-CO311                                                    Nov. 21, 1926.
Fort Pitt Spring & Manufacturing Company,
    P. O. Box 917,
        Pittsburgh, Pennsylvania.
Sirs :
    Reference is made to your corporation income and profits tax return for the
calendar year 1920.

You are advised that after careful consideration and review, your application under the provisions of Section 327 for the assessment of your profits tax as prescribed by Section 328 of the Revenue Act of 1918 has been allowed. Your profits tax is based upon a comparison with a group of representative concerns which in the aggregate may be said to be engaged in a like or similar trade or business to that of your company.

The result of the audit under the above-mentioned provisions is as follows:

*Net income*

| | | |
|---|---:|---:|
| Net Income, Bureau letter April 24, 1925 | | $161,590.50 |
| Deductions: | | |
| (a) "Capital expenditures" adjustment reversed | $466.62 | |
| (b) "Replacements" allowed as expense | 646.29 | |
| (c) Depreciation on restored items | 141.07 | |
| (d) Interest | 18.64 | |
| | | 1,272.62 |
| Corrected Net Income | | $160,317.88 |

\*    \*    \*    \*    \*    \*    \*

*Computation of Tax.*

| | | |
|---|---:|---:|
| Profits Tax Section 328 | | $40,619.48 |
| Net Income | $160,317.88 | |
| Less: | | |
| Profits Tax | $40,619.48 | |
| Exemption | 2,000.00 | 42,619.48 |
| Taxable at 10% | $117,698.40 | 11,769.84 |
| Total tax liability | | 52,389.32 |
| Tax assessed: | | |
| Original Account No. 404409 | | $64,114.37 |
| Tax liability | | 52,389.32 |
| Overassessment indicated | | $11,725.05 |

In accordance with the above conclusions, your claim for the abatement of $13,267.65 will be rejected for $1,542.60.

This petition alleging the determination of a deficiency in the amount of $1,542.60 based on the Commissioner's letter of November 21, 1925, was filed on January 13, 1926. The only allegation of error set forth in the petition is the failure of the Commissioner further to reduce net income by allowing a further deduction, under ordinary and necessary expenses, in the amount of $17,824.89, alleged to have been paid to employees as compensation for services rendered.

#### OPINION.

GREEN: The Commissioner has moved to dismiss this appeal on the ground that no deficiency has been determined against the petitioner

for the year 1920 within the meaning of section 273 of the Revenue Act of 1924, which defines a deficiency as follows:

Sec. 273. As used in this title the term "deficiency" means—

(1) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax; or

(2) If no amount is shown as the tax by the taxpayer upon his return, or if no return is made by the taxpayer, then the amount by which the tax exceeds the amounts previously assessed (or collected without assessment) as a deficiency; but such amounts previously assessed, or collected without assessment, shall first be decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax.

The Commissioner has taken the position that the tax shown by the petitioner on its return is $64,114.37, and that a denial in part of a claim for the abatement of $13,267.65 of that amount, no amounts having been "previously assessed (or collected without assessment) as a deficiency" nor "abated, credited, refunded, or otherwise repaid in respect of such tax," is not the determination of a deficiency within the meaning of section 273 quoted above. It is the contention of the petitioner, however, that since the return was accompanied by a request for relief under section 328, $64,114.37 was not the amount shown on its return as the tax, within the meaning of our decision in the *Appeal of John Moir*, 3 B. T. A. 21, wherein we held the starting point in the computation of a deficiency to be the amount admitted on the return as the tax, and that denial in part of the claim in abatement is the determination of a deficiency within the meaning of section 273. The petitioner also relies upon our decision in the *Appeal of Continental Accounting & Audit Co.*, 2 B. T. A. 761.

Without passing on the question as to whether or not an application for special assessment filed with a return is such a protest as denies the petitioner's liability for the tax or a part of the tax shown on the return, in effect like the protest in *Appeal of Continental Accounting & Audit Co.*, *supra*, we are of the opinion that, even though we assume in this case that the application for special assessment was such protest, the Commissioner has not determined a deficiency. At the most, the petitioner's application for special assessment was a denial only of that part of the tax shown in the computation on its return as would be eliminated by computation of the tax under the provision of section 328. The conclusion that such was the petitioner's position at the time of filing the return is supported by statements appearing in the claim for abatement subsequently filed, wherein the abatement of $13,267.65 was claimed until the decision of the Commissioner on the application for special

assessment should "enable the amount of said tax to be accurately determined."

The petitioner does not now claim that the Commissioner erred in applying the provisions of section 328, and unless the tax has otherwise been increased by the determination of the Commissioner, there is no ground for claiming that a deficiency has been determined. In this respect, the facts show that the tax has been decreased. In its return the petitioner admitted its tax to be the tax properly computed on a net income of $165,508.12, whereas the Commissioner has determined the correct tax to be an amount resulting from a computation, using the same rates, on a net income of $160,317.88. In other words, the Commissioner has determined the correct amount of the tax to be less than the tax admitted to be due by the petitioner on its return, which clearly distinguishes this case from the *Appeal of Continental Accounting & Audit Co.*, *supra*, and *Appeal of John Moir*, *supra*.

Since no deficiency has been determined, the Board is without jurisdiction, and the appeal is

*Dismissed.*