PIONEER BOX CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7024. Promulgated October 4, 1927.

Motion of respondent to dismiss for want of jurisdiction on the ground that the notice upon which the petition is based is not a notice of deficiency, granted. *Fort Pitt Spring & Manufacturing Co. v. Commissioner*, 5 B. T. A. 1106.

*Frank C. Olive, Esq.,* and *Benjamin H. Saunders, Esq.,* for the petitioner.
*John D. Foley, Esq.,* for the respondent.

At the hearing of this case the respondent entered a general denial to the averments of the amended petition filed with leave granted and further moved to dismiss the proceeding for want of jurisdiction upon the ground that the notice on which the petition is based is not a notice of deficiency. The issue raised in the petition is that the Commissioner used improper comparatives in his determination of the profits tax under section 328 of the Revenue Act of 1918. The motion was taken under advisement and the hearing proceeded on the merits of the case. Only such facts will be found here as relate to the jurisdictional question raised by the respondent's motion.

FINDINGS OF FACT.

The petitioner is an Indiana corporation. In April, 1919, it filed with the collector a tentative return on Form 1031-T for the fiscal year February 1, 1918, to January 31, 1919 (hereinafter called the fiscal year 1919), on which the tax for said fiscal year was estimated at $40,000 and with which the sum of $10,000 was paid. On July 30, 1919, petitioner mailed to the collector its completed return on Form 1120-A showing thereon a net income of $86,309.11 and income and profits taxes amounting to $54,471.95. It filed with its return a number of schedules detailing its items of income, deductions and invested capital and also an application for assessment under section 328 of the Revenue Act of 1918. Petitioner also included with its completed return its check in the amount of $8,319.18, that amount being 50 per cent of the tax computed, less the amount of $20,000, previously paid thereon ($10,000 with the tentative return and $10,000 on June 16, 1919), and plus the balance of tax due for the preceding year.

On January 7, 1920, petitioner filed with the collector a claim for abatement of the amount of $13,617.98, said amount being the then unpaid one-fourth of the tax reported in the return for the fiscal year 1919. At that time petitioner had received no word

as to the action taken on its application for assessment under section 328.

In June, 1920, petitioner filed an amended claim for abatement of $13,322.26 (being $295.72 less than the amount previously claimed) of the taxes for the fiscal year 1919.

By letter of February 7, 1924, the Commissioner advised petitioner that a jeopardy assessment would be made of the amount of $3,085.01 for the fiscal year 1919, computed as follows:

```
Corrected tax liability as shown on schedule 13 Revenue Agent's
  report dated November 19, 1923_____  $57, 852. 68
Previously assessed—
      April 1919 list, Account #40,008_____  $10, 000. 00
        "      "      "      "    #40,008_____   44, 471. 95
      June 1920   "      "    6-400,004_____      295. 72
                                                          _____
                                                                       54, 767. 67
Additional tax to be assessed_____    3, 085. 01
```

On February 19, 1924, petitioner executed an "Income and Profits Tax Waiver" extending for the period of one year from that date the time for the determination, assessment and collection of taxes for the years 1918 and 1919.

On April 8, 1924, petitioner executed and filed a claim for abatement of $5,591.45, which amount included the sum of $3,085.01 for the fiscal year 1919 referred to in Commissioner's letter of February 7, 1924.

Conferences relative to petitioner's tax liability were had by representatives of petitioner with the Commissioner's office in April, 1923, July, 1924, and March, 1925.

By letter of January 26, 1925, the Commissioner advised petitioner that the application " * * * for assessment of your profits tax as prescribed by section 328 of the Revenue Act of 1918 has been allowed," with a resultant tax liability for the fiscal year 1919 of $53,900.20 and overassessment for that year of $3,952.48. Following the computation the letter contained the following statement:

In accordance with the above conclusion, your claim in abatement of $5,591.45 covering the years 1918 and 1919 will be rejected for $1,638.97.

By letter of July 13, 1925, the Commissioner, referring to a protest filed by petitioner, advised that as a result of a recomputation on the basis of additional information, the total tax assessable for the year was determined to be $49,801.38 and that as $57,852.68 had been assessed there was an overassessment of $8,051.30. The letter read in part:

In accordance with the above conclusions, your claim in abatement of $13,617.98 and the 1919 portion of your claim in abatement of $5,591.45, will be rejected for the amount in excess of $8,051.30.

      *       *       *       *       *       *       *

Your case is therefore deemed closed.

In July, 1925, the Commissioner issued a certificate of overassessment, the material part of which is as follows:

An audit of your income tax return, Form 1120, and a consideration of all the claims (if any) filed by you for the fiscal year ended January 31, 1919, indicates that the tax assessed for this year was in excess of the amount due:

Tax assessed:

| | |
|---|---:|
| Original, #40008 | $54, 471. 95 |
| Additional, June 1920, #6–400–004 | 295. 72 |
| Additional, March, 1924, page 24 line 5 | 3, 085. 01 |
| Total tax assessed | 57, 852. 68 |
| Correct tax assessable | 49, 801. 38 |
| Overassessment | 8, 051. 30 |

The petition filed is based on the respondent's letter of July 13, 1925.

### OPINION.

ARUNDELL: The facts in this case relating to the jurisdictional question, it will be readily noted, are on all fours with those in *Fort Pitt Spring & Manufacturing Co.* v. *Commissioner*, 5 B. T. A. 1106, in which we found the result of the negotiations between the Commissioner and the petitioner to be that " * * * the Commissioner has determined the correct amount of the tax to be less than the tax admitted to be due by the petitioner on its return * * * " and that " Since no deficiency has been determined the board is without jurisdiction * * *." In accordance with that decision the present proceeding is

*Dismissed.*

Reviewed by the Board.